UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

STACY KOURY, CARLOS GUEITS, JOSE VELEZ,
RICCY REBECCA OROZCO, and CHRISTINA DEJESUS,

    Plaintiffs,

vs.

MILLENNIUM MEDICAL DEVICES, LLC,
a Florida Corporation, DAVID PERRY, individually,
and DOMINICK SARTORIO, individually,

    Defendants.
_____/

## **COMPLAINT**

    Plaintiffs, STACY KOURY, CARLOS GUEITS, JOSE VELEZ, RICCY REBECCA OROZCO, and CHRISTINA DEJESUS, by and through undersigned counsel, sue the Defendants, MILLENNIUM MEDICAL DEVICES, LLC, a Florida Corporation (hereinafter, "Company"), DAVID PERRY, individually, and DOMINICK SARTORIO, individually, (hereinafter, collectively referred to as "Defendants") and alleges as follows:

    1.    Plaintiffs, former employees of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq., and to recover unpaid wages, and all other damages, compensation, and other relief, including attorneys' fees and costs against Defendants for retaliatory discharge in violation of the FLSA, and the Florida Whistleblower Act, Florida Statutes §448.102, et seq. (hereinafter, "Act").

    2.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiffs are/were residents of this judicial district, employees of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiffs and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA and the Act.

6. That at all times material hereto, Defendant, DOMINICK SARTORIO, individually, acted directly in the interests of his employer, the Defendant, Company, in relation to the Plaintiffs, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, DAVID PERRY, individually, acted directly in the interests of his employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

8. At all times material hereto, Defendants were and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

9. That at all times material hereto, Plaintiffs were 'engaged in commerce' within the meaning of the FLSA.

10. Defendants have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

11. The Plaintiffs were hired as non-exempt employees by the Defendants, and were to be paid on a salary basis of $5,000.00 per month, along with a reimbursement for expenses. Plaintiff, VELEZ was paid on a salary basis of $12,500.00 per month. The payments are made monthly to the Plaintiffs.

12. However, the Defendants failed to compensate the Plaintiffs for the entire month of January, 2015, prompting Plaintiff, VELEZ to request from the Defendants the payment. In fact, Plaintiff, VELEZ emailed the Defendant, PERRY as late as Monday, February 16, 2015 about receiving payment for all of the Plaintiffs.

13. At the same time, the remaining Plaintiffs retained the undersigned, who emailed a letter to the Defendants, specifically to both individual Defendants, on Thursday, February 19, 2015.

14. The contents of the letter explained that the Plaintiffs were requesting payment and "are owed unpaid wages in accordance with Florida law". The letter continues on to state that the Plaintiffs retained counsel "in order file a lawsuit against [Defendant] to recover these unpaid wages."

15. In response, the Defendants informed the Plaintiffs (not the undersigned) that they were all required to show for a meeting on Monday, February 23, 2015.

16. The Plaintiffs attempted to resist showing up until they were first paid.

17. Nevertheless, the Defendant, PERRY stated:

> We look forward to a productive meeting <u>at 10am on Monday, February 23, 2015</u>. I would strongly encourage all team members to attend, so they can be paid. It is a mandatory meeting. For those who do not attend do any reason, it will be interpreted as job abandonment and immediate termination. Clearly, it is in everyone's best interest to attend.

18. In fear of losing their positions, the Plaintiffs showed to the meeting, only to be terminated by the Defendants.

19. The Defendants did not terminate one other member of the Plaintiffs' team, Dustin Carreon, who had not raised any complaints about being paid.

20. Plaintiffs were clearly terminated for their complaints of pay, and still have not been paid for February of 2015.

## COUNT I
## FLSA RETALIATION-COMPANY

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 20 above.

21. The Defendant, COMPANY's discharge of the Plaintiffs was, in whole or in part, in retaliation for their complaints of non-payment, including the payment of minimum wages.

22. The Defendant, COMPANY denied the Plaintiffs continued employment in retaliation for their lawfully having engaged in statutorily protected activity and as a result of their complaints of non-payment, including the payment of minimum wages.

23. The Defendant, COMPANY's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant COMPANY's unlawful conduct, the Plaintiffs have suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

   a. Damage to reputation, confidence and self-esteem;

   b. Loss of past and future income;

   c. Loss of future earning capacity;

   d. Loss of other fringe benefits;

   e. Stress, anxiety and emotional distress;

   f.  Significant past and future pain and suffering; and

   g.  Other financial losses.

24. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, COMPANY, for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper

**COUNT II**
**FLSA RETALIATION–DOMINICK SARTORIO**

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 20 above.

25. The Defendant, SARTORIO'S discharge of the Plaintiffs was, in whole or in part, in retaliation for their complaints of non-payment, including the payment of minimum wages.

26. The Defendant, SARTORIO denied the Plaintiffs continued employment in retaliation for their lawfully having engaged in statutorily protected activity and as a result of their complaints of non-payment, including the payment of minimum wages.

27. The Defendant, SARTORIO's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant SARTORIO's unlawful conduct, the Plaintiffs have suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

   a.  Damage to reputation, confidence and self-esteem;

   b.  Loss of past and future income;

   c.  Loss of future earning capacity;

   d.  Loss of other fringe benefits;

  e. Stress, anxiety and emotional distress;

  f. Significant past and future pain and suffering; and

  g. Other financial losses.

28. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, DOMINICK SARTORIO, for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA RETALIATION–DAVID PERRY

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 20 above.

29. The Defendant, PERRY's discharge of the Plaintiffs was, in whole or in part, in retaliation for their complaints of non-payment, including the payment of minimum wages.

22. The Defendant, PERRY denied the Plaintiffs continued employment in retaliation for their lawfully having engaged in statutorily protected activity and as a result of their complaints of non-payment, including the payment of minimum wages.

23. The Defendant, PERRY's conduct constitutes unlawful retaliation under the FLSA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant PERRY's unlawful conduct, the Plaintiffs have suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

  a. Damage to reputation, confidence and self-esteem;

  b. Loss of past and future income;

  c. Loss of future earning capacity;

  d. Loss of other fringe benefits;

  e. Stress, anxiety and emotional distress;

  f. Significant past and future pain and suffering; and

  g. Other financial losses.

24. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, DAVID PERRY, for all damages and relief under the FLSA, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### COUNT IV
### UNPAID WAGES-COMPANY

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 20 above.

25. Defendant, COMPANY, as alleged herein and above, has wrongfully withheld unpaid wages owed to the Plaintiffs, including the salary for February of 2015, as well as the expense reimbursements for that month.

26. As a result of Defendant, COMPANY's wrongful withholding of the Plaintiffs' wages, the Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, COMPANY, for all unpaid wages, expense reimbursements, reasonable attorney fees and costs pursuant to Florida Statutes 448.08, as well as any other relief as this Court may deem just and proper.

### COUNT V
### FLORIDA WHISTLE-BLOWER ACT-COMPANY

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 20 above.

27. The Defendant, COMPANY's discharge of the Plaintiffs was, in whole or in part, in

retaliation for their complaints of non-payment, including the payment of minimum wages.

28. The Defendant, COMPANY denied the Plaintiffs continued employment in retaliation for their lawfully having engaged in statutorily protected activity and as a result of their complaints of non-payment, including the payment of minimum wages.

29. The Defendant, COMPANY's conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant COMPANY's unlawful conduct, the Plaintiffs have suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Damage to reputation, confidence and self-esteem;

    b. Loss of past and future income;

    c. Loss of future earning capacity;

    d. Loss of other fringe benefits;

    e. Stress, anxiety and emotional distress;

    f. Significant past and future pain and suffering; and

    g. Other financial losses.

30. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant, COMPANY, for all damages and relief under the Act, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all counts.

Dated: April 7, 2015.                              Law Offices of Levy & Levy, P.A.
                                                   915 Middle River Drive, Suite 518
                                                   Ft. Lauderdale, Florida  33304
                                                   Telephone: (954) 763-5722
                                                   Facsimile: (954) 763-5723
                                                   Email: chad@levylevylaw.com
                                                   Service Email: assistant@levylevylaw.com
                                                   *Counsel for Plaintiff*

                                                   *s/ Chad Levy*
                                                   CHAD E. LEVY, ESQ.
                                                   F.B.N.: 0851701